ORIGINAL

1

2

3

4

5    FILED

6    APR 0 9 2009

7    CLERK, U.S. DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
     BY            DEPUTY

8

9

10

11

12

13                    UNITED STATES DISTRICT COURT

14                    SOUTHERN DISTRICT OF CALIFORNIA

15

16    ANGEL GUTIERREZ-SEGURA,                    )
                                                 )
17                    Petitioner,                )    Cr. No.   07-0793GT
                                                 )    Cv. No.   08-1555GT
18           v.                                  )
                                                 )    ORDER
19    UNITED STATES OF AMERICA                   )
                                                 )
20                    Respondent.                )
                                                 )

21          On August 22, 2008, Petitioner, Angel Gutierrez-Segura ("Mr. ****"), filed a Motion to

22    Modify Sentence, presumably pursuant to 28 U.S.C. § 2255. Mr. Gutierrez requests a two level

23    downward departure based on his status as a deportable alien, which Mr. Gutierrez asserts "should

24    have been considered as a mitigating factor" at his sentencing. The Court has fully considered this

25    matter, including a review of Mr. Gutierrez's brief filed, the authorities cited therein and the

26    arguments presented. For the reasons stated below, Mr. Gutierrez's Motion to Modify Sentence

27    is **DENIED**.

28    //

1    First, Mr. Gutierrez pled guilty, pursuant to a written plea agreement, to two counts of illegal

2    entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Gutierrez

3    explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The

4    Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,*

5    United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1282 (1997).

6    Since Mr. Gutierrez expressly waived his statutory right to appeal or collaterally attack his sentence

7    in his plea agreement, Mr. Gutierrez is now precluded from challenging that sentence pursuant to

8    28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that

9    a knowing and voluntary waiver of a statutory right is enforceable).

10   Moreover, even if Mr. Gutierrez had not expressly waived his right to appeal or

11   collaterally attack his sentence, his petition would still fail. In essence, Mr. Gutierrez argues

12   that because of his status as a deportable alien, he is "ineligible[] for pre-release custody and

13   minimum security confinement." Mr. Gutierrez argues that the Court should grant him a two

14   level downward departure because of his status. However, Mr. Gutierrez's argument that the

15   Court should depart downward because he is a deportable alien is precluded by statute and

16   current Ninth Circuit case law. By statute, the Court may depart downward only if there are

17   "aggravating or mitigating circumstances . . . not adequately taken into consideration by the

18   Sentencing Commission." 18 U.S.C. § 3553(b).    Specifically, the Ninth Circuit has held that

19   the threat of deportation is <u>not</u> a factor that the district court may consider for sentencing

20   purposes. United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990).[1] Accordingly,

21   //

22   //

23   //

24   //

25

26   ――――――――――――――――――――――――――

[1] The Ninth Circuit decided, in an unpublished opinion, that the defendant, like Limon, was not
27   entitled to a six month reduction in his sentence under 18 U.S.C. § 3553(b) because as a
      deportable alien he is not eligible to spend the last six months of his sentence in a half way
28   house pursuant to 18 U.S.C. § 3624(c). *See* United States v. Zepeda-Valles, 87 F.3d 1325 (9th
      Cir. 1996).

07CR0793

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS ORDERED** that Mr. Gutierrez's Motion to Modify Sentence is **DENIED.**

**IT IS SO ORDERED.**

4-8-09

date

GORDON THOMPSON, JR.

United States District Judge

cc:  AUSA Bruce Castetter        Petitioner

3

07CR0793